UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

            v.

CARLOS LABOY,

            Defendant.
_____

**DECISION AND ORDER**

1:15-CR-00091 EAW

## I.    INTRODUCTION

Pending before the Court is a motion by defendant Carlos Laboy (hereinafter "Defendant") seeking a sentence reduction pursuant to the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, on the basis that he was misclassified as a career offender. (Dkt. 143)[1]. For the reasons set forth below, Defendant's motion is denied.

## II.    BACKGROUND

After pleading guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute, and to distribute, 100 grams or more of heroin in violation of 21 U.S.C. § 846, Defendant was sentenced by the undersigned on September 21, 2017, to 180 months in prison to be followed by four years of supervised release. (Dkt. 114). As relevant to the instant motion, Defendant was determined to be a career offender pursuant to § 4B1.1 of the Federal Sentencing Guidelines (the "Guidelines"). The presentence report ("PSR")

---

[1]    Defendant also filed a motion for compassionate release pursuant to § 3582(c)(1)(A) based on the COVID-19 pandemic (Dkt. 147), which the Court denied in a Decision and Order entered on January 5, 2021 (Dkt. 176).

prepared by the United States Probation and Pretrial Services Office indicated that Petitioner had previously been convicted of the following, among other crimes: (1) Criminal Possession of a Controlled Substance, 3rd Degree in New York State Supreme Court, Erie County, in 1997; (2) Manslaughter, 1st Degree in Erie County Court in 1997; and (3) Possession with Intent to Distribute Heroin in this Court in 1998. (Dkt. 178 at 11, 14-15)[2].

In the plea agreement, the government calculated a recommended sentencing range of 188 to 235 months imprisonment, while Defendant calculated a recommended sentencing range of 168 to 210 months imprisonment. (Dkt. 67 at ¶ 10). The plea agreement contained a waiver of any "right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment" calculated by the government. (*Id*. at ¶ 17).

### III.   DISCUSSION

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). The compassionate release statute is such a statutory exception, and provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the [BOP] . . ., or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] . . . to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or

---

[2]   At the time of Defendant's sentencing, it was not the practice in this District to have the PSR filed on the docket. To complete the record on the instant motion, the Court has now docketed the PSR, which was prepared on February 1, 2017.

> supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Relief is appropriate pursuant to § 3582(c)(1)(A) when the following conditions are met: (1) the exhaustion requirement of the statute is satisfied; (2) extraordinary and compelling reasons warrant a reduction of the prison sentence; and (3) the factors set forth at 18 U.S.C. § 3553(a) support modification of the prison term.[3] "The defendant carries the burden of showing that he or she is entitled to a sentence reduction under the statute." *United States v. Roney*, No. 10-CR-130S, 2020 WL 2846946, at *2 (W.D.N.Y. June 2, 2020), *aff'd*, 833 F. App'x 850 (2d Cir. 2020).

As an initial matter, the Court agrees with the government that Defendant appears to be using the compassionate release statute as an end run around the appeal and collateral attack waiver provision in his plea agreement. As another court in this Circuit has explained:

> Although the Court has the discretion to determine what qualifies as an extraordinary and compelling reason, . . . it would be both improper and inconsistent with the First Step Act to allow [a defendant] to use 18 U.S.C. § 3582(c)(1)(A) as a vehicle for claiming legal wrongs, instead of following the normal methods of a direct appeal or a habeas petition.

---

[3] Although the statute references the Sentencing Commission's policy statements, the Second Circuit has held that U.S.S.G. § 1B1.13 Application Note 1(D) does not apply to compassionate release motions brought directly to the court, and therefore a court is not constrained by the Sentencing Guideline's policy statements as to what constitutes "extraordinary and compelling." *United States v. Brooker*, 976 F.3d 228, 236 (2d Cir. 2020).

*United States v. Lisi*, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020); *see also United States v. Antney*, No. 17-CR-229 (CBA), 2021 WL 4502478, at *5 (E.D.N.Y. Sept. 30, 2021) ("A motion for compassionate release should not be used to attack the legitimacy of a judge's imposed sentence—such an attack is properly brought on direct appeal or in a habeas petition, not in a motion for compassionate release brought under 18 U.S.C. § 3582(c)(1)(A). . . . To hold otherwise would be to allow compassionate release motions to act as an end run around the limitations imposed by [28 U.S.C.] § 2255."); *United States v. Rivernider*, No. 3:10-CR-222(RNC), 2020 WL 597393, at *4 (D. Conn. Feb. 7, 2020) ("To my knowledge, nobody has suggested that the 'extraordinary and compelling' standard can be satisfied by claims of legal error or other alleged wrongs that are cognizable on direct appeal from a conviction or by means of a habeas corpus petition."). The Court is not persuaded, at least on the record before it in this case, that it is consistent with the purposes of the compassionate release statute to allow a defendant to assert claims of legal error that he expressly waived the right to press through the ordinary means of direct appeal and collateral attack.

Further, and in any event, Defendant's argument that he was improperly sentenced as a career offender lacks merit. For a defendant to qualify as a career offender under § 4B1.1 of the Guidelines, it is necessary that: (1) the defendant was at least 18 years old at the time he committed the offense of conviction; (2) the offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Defendant satisfies each of these criteria.

First, there is no dispute that Defendant was at least 18 years old at the time he committed the crime of which he was convicted in this matter. (*See* Dkt. 178 at 2).

Second, the offense of which Defendant was convicted in this matter—conspiracy to possess with intent to distribute, and to distribute, 100 grams or more of heroin in violation of 21 U.S.C. § 846—is a controlled substance offense under the law of this Circuit. *See United States v. Tabb,* 949 F.3d 81, 89 (2d Cir. 2020) ("[I]t is patently evident that Application Note 1 [to U.S.S.G. § 4B1.2, defining "controlled substance offense,"] was intended to and does encompass Section 846 narcotics conspiracy. [The defendant's] conviction under this statute thus properly served as a predicate for his sentencing enhancement."), *cert. denied*, 141 S. Ct. 2793 (2021). While Defendant is correct that some other circuits have held that Application Note 1 conflicts with the text of § 4B1.2 and is thus invalid, *see id.* at 87 (citing *United States v. Havis*, 927 F.3d 382, 385-87 (6th Cir. 2019) and *United States v. Winstead*, 890 F.3d 1082, 1090-92 (D.C. Cir. 2018)), the Second Circuit has expressly rejected this argument, *see id.* ("[The defendant] first argues that narcotics conspiracy under 21 U.S.C. § 846 is not a proper predicate conviction because Application Note 1 conflicts with the Guidelines text by improperly expanding it. . . . This argument, however, is foreclosed in this Circuit by *United States v. Jackson*, 60 F.3d 128 (2d Cir. 1995)."). This Court is bound by Second Circuit precedent.

Third, Defendant has two prior predicate offenses. He does not contest that his 1998 federal conviction of possession with intent to distribute heroin constitutes a controlled substance offense. And, sitting *en banc*, the Second Circuit recently held that "New York first-degree manslaughter [is] a categorically violent crime under the force clauses of

ACCA and the Career Offender Guideline." *United States v. Scott*, 990 F.3d 94, 101 (2d Cir. 2021), *cert. denied*, No. 20-7778, 2021 WL 4822682 (U.S. Oct. 18, 2021). Because these two prior convictions are sufficient to support the classification as a career offender, the Court need not and does not reach Defendant's argument regarding his 1997 state court conviction for criminal possession of a controlled substance in the third degree.

Under the circumstances, the Court concludes that Defendant has failed to establish extraordinary and compelling reasons justifying a sentence reduction. Accordingly, it need not and does not address the § 3553(a) factors.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) based on his alleged misclassification as a career offender (Dkt. 143) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      November 8, 2021
            Rochester, New York